Welcome to the second day of our Jacksonville sitting and today we're Judge Grant and I are very glad to be joined by our friend and colleague Judge Hull. We had Judge Dubina with us yesterday. Judge Dubina will be back tomorrow and then Judge Hull will finish out the week on on Friday. You're familiar with our lighting system so when the yellow light goes on that means your time is drawing to a close so please try to finish up. If we take you beyond the red light then don't worry about it you're on our time and and not yours. And with that we're ready to begin with our first case number 16-11062 Stephen McLeod versus the Secretary of the Florida Department of Corrections. Mr. Woodley whenever you're ready. May it please the court. I'm John Woodley with the Bedell firm. I represent the appellant Stephen McLeod. Before I dive in I wanted to note that there are a couple of rulings below that are discussed in the briefs that it appears this court may lack jurisdiction to recommending the dismissal of Mr. McLeod's claims against certain defendants and an order entered by the magistrate judge denying Mr. McLeod's motion to appoint counsel. Neither of those was reviewed or ruled upon by the district judge and my understanding is that normally this court doesn't have jurisdiction to directly review a decision of the magistrate judge so those issues may not be properly before the court and so I intend to focus my other issues on the issue of the revocation of Mr. McLeod's informal pauperous status and the denial of Mr. McLeod's motion for preliminary injunctive relief. The revocation issue comes down to whether an indigent prisoner with a claim based on a chronic disease has to wait until that disease damages his liver before he can turn to the courts for relief. The complaint in this case presented allegations signed under penalty of perjury pointing to two potential dangers. One was a substantial risk of infection with hepatitis C and other blood-borne diseases as a result of the inmate barber program that didn't provide for adequate sanitization of the equipment in a way to have that program proceed in a safe manner. The other was the danger from a lack of previously recognized as a serious medical need which means among other things a medical need that if left unattended poses a substantial risk of serious harm and this will recognize that in the Brown v. Johnson case. In revoking Mr. McLeod's informal pauperous status the district court ignored the first danger and it rejected the second danger of the lack of treatment for Mr. McLeod's hepatitis C based on self-serving opinions offered by one of the defendants, Dr. Verona, in a declaration. What procedure followed when the defendants submitted their information to the district court? What was the sequence of events and when did the district court rule after those submissions were received? Do you remember? So initially Mr. McLeod filed this informal pauperous. The magistrate judge then issued a report and recommendation recommending that leave to proceed informal pauperous be denied under the three strikes rule. The district court initially set that aside. That's right. And found that Mr. McLeod had set out imminent danger under the statute and revoked that after the defendants submitted information. And my my question was what was a period of time if you recall between the defendants submission of information and the time the district court ruled the second time? I am not sure of the time period offhand. That's okay. The specific time period is I mean doesn't matter whether it's two days or three days. My general I was gonna set use that to set up a second question which was whether Mr. McLeod was given an opportunity or had an opportunity to contest the submissions put forth by the defendants. Yes your honor. The motion to revoke was July 2015 motion to revoke with Dr. Verona's affidavit and then the R&R by the district court happened I mean R&R by the magistrate judge and there were objections to the R&R and then the district court revoked it on it looks like in 2016. Does that sound about right about six months later? I believe that's correct your honor. Maybe it was sooner than that excuse me. I think September 18 2015. That's correct. I think it was the motion for reconsideration that was denied in January of 2016. Okay then there was a motion for reconsideration. Did the defendant file I'm excuse me the plaintiff file something in opposition to the motion to revoke? Yes he did your honor. After the motion to revoke was filed the magistrate judge issued an order saying since the motion to revoke refers to materials outside the pleadings I'm construing this as a motion for summary judgment and he directed Mr. McCloud to file any opposing materials within 30 days. Mr. McCloud then filed what he called a motion for summary judgment and he attached an affidavit making a few factors that were associated with a more rapid progression of hepatitis C including his age and sex and his history of alcohol abuse and pointing to the guidelines of the American Association for the Study of Liver Diseases that were relied on by the Bureau of Prisons recommendations that were that Dr. Verona's affidavit relied on and pointing out that those guidelines recommend that any prisoner be treated any person with hepatitis C be treated and it also goes on to say that it's a good idea to do it early to prevent future liver problems. The magistrate judge struck that motion. I think whether whether it was correct to strike the motion for summary judgment or not I think the affidavit at the very least should have been considered an opposition to the motion to revoke so I think construed liberally it's apparent that Mr. McCloud. The fact of the matter is in the end all the district court did was dismiss the complaint without prejudice and has never ruled on the merits would that be of the case would that be a fair reading of where we are now? I would unfortunately Judge Hinkle didn't put it in his order but if you go look at the judgment you see in the final judgment in and by the clerk's office it does say without prejudice so the case is dismissed without prejudice subsequently your client pays the fee right and as a matter of fact IFP and I'm saying this so counsel for the defendant can get prepared on this IFP just gives you a the fee okay and there's never been a ruling on the merits of the case we've just got a ruling on the imminent danger part right that's correct okay so why would it not be satisfactory relief for you assuming there's a way to do this we just reinstate your case filing fees been paid then y'all have discovery to do it and try to tip the summary judgment issued is I know they're gonna object to that but you could go file another lawsuit it this is not going away your client has a life sentence as I saw it that's correct okay isn't going away they're gonna be litigated some way we only got a dismissal with prejudice he's paid the fee it's kind of messed up procedurally but why can't we straighten it out like that and so would that not be enough you paid the fee do you really care about getting the fee well you got to pay it anyway your honor we vacate the dismissal without prejudice reinstate the complaint and y'all get to the merits your honor I would be happy with reinstating the case there is one additional thing I would want to raise the magistrate judge also entered an order striking mr. McLeod's motion for preliminary injunctive relief called it denying it and under 28 USC 636 I don't even know about all that just give you 30 days to amend whatever the current complaint is do the passage of time this is like two years now he's got other is two more years with hep C I don't know what his condition is he's getting no treatment I've read up on this on the and they advertise take this for hep C on the nightly news so I don't know I couldn't figure it out whether you really need to have treatment now or you don't really need to have treatment now they seem to be pros and cons different opinions I have no idea so somebody needs to get some experts and y'all decide this just seems like that's where it should go if we can do it that is in that's what I meant to say your honor yes that sounds wonderful I have to hear from the defendant why procedurally we can't do that but it's just gonna all end up he's paid the fee now he even paid the appellate fees up here are you paying them that's somebody paid him he bailed from probably paid him it was not the Bedell from but I believe he did pay the in other words the question is why the circumstances we have present given that he has paid the filing fee or the institution of a second suit making the same allegations given that suit number one was dismissed without prejudice I missed is there a second suit there is not it has not been refiled didn't he pay the filing fee for suit number two so that he's paid to filing fees now he has not filed a second suit and pay the filing fee for that after paid the filing fee for the first suit yes your honor it was it was taken out of his prison account after his informal poverty status was revoked then if that's the case why was the case dismissed without prejudice right so I'm saying it so if the case was properly dismissed without prejudice right then taking out the entire filing fee post dismissal might not have been quite right I agree with that your honor and also I would urge that the imminent danger determination was error and that the that the dismissal should be reversed but your honor certainly makes a good point about the taking the filing fee out of mr. McLeod's after taking the filing fee out of mr. McLeod's account after dismissing the case right if to go back to judge Hall's attempt to solve this procedural puzzle if we direct if if it can be done I'm not saying it can but I'm hypothesizing direct that that filing fee which was taken out post dismissal be used for any reinstated complaint that he files that lets him litigate the claim anew doesn't it it may there's sort of a distinction I allowing him to file a new one that may be important there could potentially be statute of limitations issues I which one do you want you know reinstate this one to file a new one I don't know whether we can do either one but which one do you want well I would love to have this one reinstated your honor all right mr. Woodley thank you so much thank you you've saved your time for mr. to me good morning I'll address your concerns directly as far as the response to the initial motion after the magistrate judge issued the report recommendation okay he found him objections to the R&R I know that it was after okay I I know for certain the judge Hinkle run them all that's the way judge Hinkle is as far as reinstating or refiling it's a question I wasn't really prepared for I've done a lot of this work it is always required to be refiled I can't tell you today why it's just something that didn't consider it is always required to be refiled not reinstated maybe subject to additional briefing let me find another way around it let's talk about the imminent danger then he's not being provided any treatment right now that's not information that I have direct access to my clients or no I shouldn't afraid I should not have phrased it that way I'm sorry at the time matters were litigated in the district court he was not being provided any treatment what did what did the affidavits that your clients submitted say about his treatment or lack thereof there is a brief history that I can go into here to set up your answer 2013 at the end Harvoni comes out here's hepatitis C no one was prepared for it end of 2014 Sovaldi comes out it's $85,000 for each drug there was no funding for it insurance companies weren't paying for it didn't go to the legislature and get the money then by the way there's in that prison system 25 to 30,000 people with hepatitis C not all of them need to be treated with Harvoni or Sovaldi there's a criteria that there was an Iberphone or some something like that this cheap later drugs that's really cheap right now and y'all say he's being treated because he is getting blood tests he's getting he's seen your definition of treatment is he's being seen with the test he's being monitored etc but he's getting no medicine he's being monitored that's the form of the treatment is that not correct that's what dr. Verona says we're stuck between times here in 2015 yes he was being monitored because there was a criteria for people that needed the treatment we're not questioning your motives which is to asking you what is the treatment he's getting at the time the treatment was to monitor until he met the criteria for the drug okay he never did okay and the criteria for the drug as I understand your expert and and what's written about this is you got to be suffering liver disease you got to be in some type of show some type of cirrhosis or some type of liver liver function impact I guess would be a way to say it I blood testing liver enzymes and ultrasounds now times have changed I can't tell you that he's not getting treated because there's an injunction in place out of the northern district requiring the DOC to treat last year they treated 5,000 with the drugs I think judge Walker says next year it's got to be 7,000 I don't know if he's in there I know that he's that's the Hoffer case I know that mr. McLeod has filed documents in there trying to intervene I I can't tell you whether or not he's been treated but judge Walker treated that walkers injunction against the entire DOC yes ma'am okay so he would is it a class action yes ma'am okay so I heard about it in the news but I haven't read any of the underlying materials but it's being done as you say it's being done in stages correct as there's a lot of moving parts because it's a ton of money it's more than a hundred million dollars next year but judge Walker's figured out a program there's a plan of testing there's a criteria another in order of treatment everybody's getting treated that's part of the injunction whether mr. McLeod you mean monitored and and enzyme testing to get to the point of where they need to take a pill or whatever correct treatment is but it's a different criteria it evolves over time when these drugs come out typically and especially for these drugs there was no data that the believed the pharmaceutical company had to tell the practitioners who needs the drug because not all of them need it we don't have a merits question here do we at the moment no except for the injunction the injunction is already in place the injunction in this case is moot no it's denied it's been briefed entered no no sir there is an injunction in place though right the Department of Corrections challenged that injunction the judge Walker injunction it's the notice of appeal came out two weeks ago yes ma'am I did not my client was not involved in that litigation it was your client the DLC is not involved in the litigation she is not my client yes he was dismissed before we entered my client horizon Liskin and Verona Liskins a nurse practitioner Verona's a physician okay is the DLC the client in the injunction case my client but they're involved DOC and the current medical provider which is centurion of Florida they are not my client either I'm having trouble straightening out this case much less get into that one so can I go back to this case ma'am okay the filing fee was okay and so what precludes us as a matter of law what rule or something you can cite me that says I can't vacate reinstate this case under all the facts and circumstances now that he's paid the fee yes it's too late but why couldn't this panel do that and then we just start over I said yeah I was in a in the districts I mean that moves to imminent danger he's paid the fee right I agree okay so imminent danger isn't an issue if there's a fee paid and I'm not even so much interested in whether the Barbara Clippers calls the hep C or not he's got hep C nobody everybody however he got it he's got it yes ma'am and the prison population has got like 60 to 70 percent more than the current than the whatever reason and some people say it's because they don't treat people initially so it's whatever I don't I don't know but they installed that is either so if if we wanted to do as little as possible so just to unwind this kind of procedural we could just vacate reinstate the filing fee applies to this lawsuit and then give them 30 days to amend and everybody can try to thank you because if that filing fee had been taken out before the judgment of dismissal came in the lawsuit would have proceeded correct well right again all all that the lack of imminent danger does is deny IFP status and require the prisoner to pay the filing fee and if the filing fee after judge Hinkle's revocation have been taken out of his account immediately then the lawsuit would have proceeded without IFP status right probably not it probably would have to be refiled you would have required it and I think to stand in here and and also working the case why should that be the case outwards if if if the purpose of the statute is to prevent frivolous lawsuits right and to deny the if you're denying if nothing's been taken out of the prisoners account and IFP status is later revoked why can't the filing fee be paid then to satisfy the purpose of the statute think it's because the statute requires dismissal and once it's dismissed the court the districts of courts are going to require refiling the case now can you can you say otherwise that's why you get those chairs of course I think you can but I thought he also moved for reconsideration of the dismissal maybe I'm wrong about that do you know no no he didn't okay it's not anything I have I did not litigate this case all right so if he paid the filing fee before the order was in enter dismissing the case then that wouldn't have been dismissed likely okay if you were to send an agreement to pay it up you know over time it's a dollar twenty or something whatever whatever he's got in there a month he had changed his status before the order then but I think because it the statute requires dismissal requires refiling medically then if we have to reach the imminent danger issue I hope we don't but if we do tell me medically why judge Hinkle correctly revoked I have peace that is based on the submission of dr. Barone sure the question that's hanging over it is why why would judge Hinkle even consider doing it if it's been initially reviewed and why is it that we always review them when they're filed and now sometimes we review them after a lawyer shows up with more information well it's because it's the nature of that statute this lawyers were required to make sure your records right the statute is for frivolous claims and if I can tell you whether there's a lawyer in a case or not every one of these cases the 800 or so that I've had has the same custom argument you did it to save money and every time barring one that I can remember it turns out to be untrue anybody can plead anything so that's why we go back and do it I don't object to being able to review the IFP designation at a later time when more information becomes available I'm asking you on the merits of the replication why did judge Hinkle get it right why given the information you submitted why was there no imminent danger to mr. McLeod because he was not in his hepatitis C condition was not in a position where it presented imminent danger he was being monitored for that to happen what's the what what is your clients or the DOC's definition of when that happens well it was done according to at the time prison Bureau of Prison Standards because they were the only ones that had any and so they adopted them and so there was liver function tests done on a regular schedule ultrasounds done on a regular schedule and I can tell you that judge Walker's order isn't much different than that that's what they're still doing they're doing it in a little different way but that's those are the two things that tell you how the disease progresses the disease doesn't affect everybody it's 60% of people you know 60% or so of people never know they have it they never have anything happen a liver problem what the doctor says is according to mr. McLeod his laboratory results including an ultrasound testing of liver enzymes and platelet counts all repeat reflect within normal limits and that's why judge Hinkle then said correct everything was that still within normal limits so he's not yet got a liver impact is how I read it and so he just missed it that is imminent right now that is correct as long as there is no effect from the disease the disease doesn't get treated but the treatment that doesn't mean there's no and I'm using treatment the wrong way there's no drugs unless they need them is that a uniform medical opinion it is there's nobody out there who thinks differently than they say you should start right away because and never get to know maybe but these medical there will be physicians that say everybody should be treated there's a CDC website that has a subset of this that strongly recommends it's been debate I have no idea I might believe all that there's always going to be a physician judge Jordan but it is within the medical community this is how they're going about doing it how to figure out who gets the drugs not just in prisons the same but the same criteria here's you know I think after a while you learn to be skeptical of some arguments made by both sides and litigation and so here as you said a number of the complaints that your client sees have the same sort of cookie cutter allegations I would venture to say that if that's the case then your responses to them might be cake cutter in the sense that you say no problem no harm no foul and if the district court is relying on interested parties to provide information with want to say listen there are people who disagree with me and some people think that there should be treatment from the very beginning even if there aren't symptoms or whatever but my professional reasoned opinion is different and you should follow mine instead of the others if you want to look at something else take a look at the Centers for Disease Control take a look at this take a look at that no it was an interested affidavit and I don't mean interested in a bad way but from a party's representative and so how's a district court supposed to figure all of that out when it doesn't have all the medical information that it might need but at the same time we asked the court to do a preliminary review on the same information but it's only from the plaintiff how do they do it no I know that's why I don't have any issue with the district court revisiting the matter later on when new information becomes available I don't have any I don't have any issue with that it's still going to be a contest I don't have an answer for a better system it's still gonna be a contest there's gonna be interested parties saying interesting things to each other I don't have an answer okay I have one question there's also this motion but if we don't reinstate the complaint he wants requiring the district court to reimburse the filing fee ie if we affirm the dismissal and say you got to go file a new complaint was there an opposition you filed to the motion to reimburse the plaintiff his filing fee did you oppose that motion I don't know whether we have that motion I think it is my gut feeling is that it is up here but I certainly wouldn't oppose such a thing okay Mr. Zumi thank you so much I can make just a couple of points Judge Hull you mentioned that the internet says you should go ahead and treat people with hepatitis C but it's not just the internet there's some of that in the record to Mr. McLeod's affidavit that I mentioned and that he filed when I was up here before that I mentioned it attaches some material from the American Association for the Study of Liver Diseases which is the same organization that the Bureau of Prisons recommendations rely on that says everybody with hepatitis C ought to be treated and it even says it's a good idea to go ahead and treat early and the progression of the disease you avoid further liver problems there was also a question about the timeliness of Mr. McLeod's response there was a document that he titled response to the motion for revocation that may not have been I'm not sure when that was filed but the affidavit I was referring to was filed in a timely manner the magistrate judge issued his order requiring summary judgment opposition materials within 30 days Mr. McLeod filed that within 30 days finally I think the reason that Judge Hinkle may have felt compelled to dismiss the case was a decision of this court called Dupree versus Palmer that the magistrate judge cited in his report and recommendation so if if that's correct that dismissal was appropriate assuming that he didn't show an imminent danger then I think there's still an error in the finding of new imminent danger it was early and Mr. McLeod's it was early in the progression of Mr. McLeod's hepatitis C as far as their record reflects but I think the Sixth Circuit and the Van Diver versus Prison Health Services case that's been cited in the briefs has the right way of looking at it and they say that you don't have to wait until a chronic disease deteriorates so badly that the next instance of maltreatment is going to cause really serious harm that ignores the progressive nature of the disease and has the potential to cause a lot of harm and I would submit that the Sixth Circuit's perspective has a lot of that and I would ask that the court consider that. One question on Dupree. This case seemed to me to be a little bit different in that I may need to read Dupree in full but the court in Dupree originally denied the IFP and dismissed it and then the party came in and paid it whereas here it was granted IFP and then revoked and then the party paid it. I don't know if that matters as to the right procedure. Do you know what the facts were in Dupree? Was Dupree like this where it was originally granted and it may not matter than revoked? I believe Dupree I thought it was a denial from the I think Dupree was a denial from the outset I'm not right percent sure about that but I don't think Dupree was like this case in which it was originally granted and then revoked several months later after more information came in so I think that may be potentially an important difference for me. And is your client's I missed your client's affidavit. I don't have that but you're saying he filed an affidavit as part of the objections to the R&R I mean after the magistrate rule is that what you're saying? I need to find that. So I guess two part answer. One he filed it as an attachment to a document he called a motion for summary judgment on count two that he filed before the R&R came out on the motion to revoke then after the R&R came out he filed a document directed to the district judge saying please consider my previous motion for summary judgment as objections to the R&R recommending denial of thank you thank you surely I think you were court appointed for mr. McLeod is that correct yes your honor we want to thank you very much for your service to him and to the court we really do appreciate it thank you your honor thank you to mr. Toomey